ANESTA CALISTRO, VIOLA BLAKE,
THEODORE CALISTRO, FELIX CALISTRO,
FELICIA CALISTRO, ISABEL CALISTRO,
BERYL BEST, BERNICE ANDERSON,
MELITA BARTHLETT, MEDINA SCATLIFFE,
and ALTAGRACIA CALISTRO

v.

OSMOND KEAN, EUSTICE DENCH,
WILFRED MONSANTO, LEROY MONSANTO,
LEON MONSANTO, LUTHER MONSANTO,
JAMES W. HUSTON, as the Commissioner of Public
Works, and all other persons claiming an interest in
Estate Lille Norge (Longmat) and/or Estate
Mariendahl (Brookman)
OSMOND KEAN, Appellant

No. 17,575

United States Court of Appeals

Third Circuit

Argued January 29, 1970

Decided July 22, 1970

*See, also, 6 V.I. 443*

575

 

GEORGE H. T. DUDLEY, ESQ., St. Thomas, Virgin Islands, *for appellant*

EDITH L. BORNN, ESQ., St. Thomas, Virgin Islands, *for appellees*

Before HASTIE, *Chief Judge*, GANEY and STAHL,* *Circuit Judges*

## OPINION OF THE COURT

GANEY, *Circuit Judge*

This is an appeal from a determination by the United States District Court of the Virgin Islands fixing the location of dividing lines between three adjoining estates.[1]

Emile Monsanto and his wife owned Estate Lille Norge and the larger adjoining property to the south known as Estate Mariendahl. They died intestate and the two estates descended to their six children, Edmund Monsanto, Oswald Monsanto, Emile Monsanto, Jr., Clara Danielsen, Mary Mohler and Petrina Monsanto, as tenants in common. On March 25, 1924, Oswald sold his interest to Edmund for $400.

---

* Judge Stahl participated in the hearing and consideration of this appeal but died before decision.

[1] For a prior opinion involving the premature appeal in this case, see 6 V.I. 443, 389 F.2d 619.

On January 13, 1926, the Monsanto heirs, excluding Oswald, sold Estate Lille Norge to Alexander Calistro and his wife, Anesta, for $500.

On April 22, 1926, Clara Danielsen released her interest in Estate Mariendahl to Edmund, Emile, Jr., Mary Mohler and Petrina in return for 40.84 acres of the estate known as Plot No. 2, which had been previously surveyed. The deed described the exact boundary lines of Plot No. 2, but did not state that the parcel conveyed contained one-sixth of Estate Mariendahl. On the same day Clara transferred Plot No. 2 to her nephews, defendants Leon and Wilfred Monsanto. As a result of Clara's release, the four Monsanto heirs owned the following interest as tenants in common of the remainder of Estate Mariendahl: Edmund, two-fifths, Emile, Jr., one-fifth, Mary Mohler, one-fifth, and Petrina, one-fifth. On October 24, 1927, Edmund increased his interest to three-fifths when Petrina released her one-fifth interest to him for $500.

By a Partition Deed dated November 21, 1927, Edmund, Emile, Jr., and Mary Mohler, divided the remainder of Estate Mariendahl into two parts. The dividing line, constituted, as stated in the deed,

"a straight line beginning on the southern boundary of said land and running North 36 degrees and 5 minutes east and passing through a Turpentine Tree standing on the North side of the road and half way between a large Mampo Tree and a large Gregary Tree and near the Mansion House and southward thereof, and continuing to the Northern boundary of said lands. . . ."

All the lands east of that line were to belong to Emile and Mary, and all west was to be owned by Edmund. The deed made no mention of the number of acres divided or that each portion represented a fraction or percentage of the total land area involved in the transaction.

577

On November 27, 1943, Edmund conveyed his share of Estate Mariendahl for $4,500 to Lucien van Aller and defendant Osmond Kean. The deed recited verbatim the description of the division line contained in the Partition Deed of November 21, 1927, but added that the land conveyed thereunder contained 125 acres, more or less. Two years later van Aller released his claim to the land for ten acres of that land. And on May 21, 1961, by warranty deed, Kean conveyed an undivided one-half interest, less the ten acres, to defendant Eustace Dench. This deed followed the description of the land conveyed as stated in the warranty deed of 1943.

After hearing evidence pursuant to an action brought by the owners of Estate Lille Norge against Kean, Dench and the heirs of Emile, Jr., and Mary Mohler for an authoritative fixing of the dividing line between the estates,[2] the district court declared that (a) the fence line and the extension thereof to be the boundary line between Estate Lille Norge and Estate Mariendahl, and (b) the easterly boundary of the property conveyed to van Aller and Kean on November 27, 1943, to be the line on defendants' Exhibit J-1 which passes through point "A". See map at end of opinion in 389 F.2d 619.

After remand of this case to the district court, Kean was of the view that this Court had awarded him a new trial. The district court refused to hear any additional evidence, and made its findings on the record previously made. This Court did not grant a new trial. Nevertheless the district court, in its discretion, could have taken additional evidence. See Rule 54(b) of the F.R.C.P. Kean has not given any reasons why he is entitled to offer additional evidence. The district court did not abuse its discretion in refusing to reopen the trial of the case.

---

[2] Such an action is permitted by sections 373 et seq. of Title 28 of the Virgin Islands Code, 4A V.I.C.A. T. 28 §§ 372 et seq.

■ Kean argued, as he did in the district court, that the easterly boundary line should be drawn so that the land areas resulting from the division would correspond proportionally more closely to the respective prior interest of each party in the entire estate. This might be a logical argument in the absence of persuasive evidence as to where the parties to the Partition Deed, who died prior to the action, intended the line to be drawn. However, there was substantial competent evidence to support the district court's finding. It is not clearly erroneous. Therefore we may not set it aside. See Rule 52(a) of the Federal Rules of Civil Procedure.

Finally, Kean complains of the district court's omission, at the time the judgment was entered, to appoint commissioners and "direct the commissioners to go upon the lands of the parties and establish and mark out upon the grounds, by proper marks and monuments, the boundary or dividing line as ascertained and determined by the court in its judgment." See § 374 of Title 28, 4A V.I.C.A. T28 § 374. Kean does not seriously dispute the fence line as being the boundary line between the western portion of Estate Mariendahl and Estate Lille Norge. The line found to be the dividing line between the eastern and western divisions of Estate Mariendahl is a straight line the direction of which is not in dispute. The fixing of proper marks or monuments along these lines will not require acts of judgment on the commissioners' part. Their function will be purely ministerial. On remand, the district court, of course, will appoint the commissioners without any direction from this Court.

Accordingly, the judgment of the district court of October 1, 1968, will be affirmed.